UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22764-Civ-GRAHAM
MAGISTRATE JUDGE P. A. WHITE

WALTER LEE WRIGHT,

    Plaintiff,

vs.

CIRCUIT JUDGE CRISTINA MIRANDA,
et al.,

    Defendant(s).

_____/

**REPORT OF
MAGISTRATE JUDGE**

## I. Introduction

Walter Lee Wright has instituted this pro se civil rights proceeding pursuant to 42 U.S.C. §1983. (DE#1). The Plaintiff sues Defendants, the Honorable Cristina Miranda, Eleventh Judicial Circuit Court Judge presiding over the Plaintiff's criminal proceedings in Miami-Dade County Circuit Court, Deputy Clerk Maureen Tulloch, with the Eleventh Judicial Circuit Court, and the Clerk of Court of the Eleventh Judicial Circuit Court. By separate court order, the Plaintiff has previously been granted *in forma pauperis* status, and a debt in the amount of $350.00 established. (DE#7).

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

Moreover, pleadings drafted by *pro se* litigants must be

liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A. As a result, this case is presently before the Court for initial screening. The federal statutes authorizing incarcerated plaintiffs leave to file complaints as paupers provide for dismissal of such complaints before docketing or as soon as practicable thereafter. See 28 U.S.C. §1915(e)(2)(B)(i) and 28 U.S.C. §1915A.

## II. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires that the court review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officers or employee of a governmental entity." 28 U.S.C. §1915A(a). On review, the district court is required to "identify cognizable claim or dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or, seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should

only be ordered when the legal theories are "indisputably
meritless," Neitzke, 490 U.S. at 327; when the claims rely on
factual allegations that are "clearly baseless," Denton v.
Hernandez, 504 U.S. 25, 31 (1992); or, when it appears that the
plaintiff has little or no chance of success. Bilal, 251 F.3d at
1349.

Dismissals for failure to state a claim are governed by the
same standard as Fed.R.Civ.P. 12(b)(6).  Mitchell v. Farcass, 112
F.3d 1483, 1490 (11th Cir. 1997)("The language of section
1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)").
Thus, a court may dismiss a complaint if the facts as pleaded do
not state a claim for relief that is plausible on its face. Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 560-61, 127 S.Ct. 1955,
1968-69, 167 L.Ed.2d 929 (2007)(abrogating Conley v. Gibson, 355
U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court
may dismiss a case when the allegations in the complaint on their
face demonstrate that an affirmative defense bars recovery of the
claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th
Cir.2001).

In order to state a §1983 claim, a plaintiff must demonstrate
that (1) the defendant(s) deprived plaintiff of a right secured
under the Constitution or federal law, and (2) that such a
deprivation occurred under color of state law. See Bingham v.
Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)(quoting Arrington v.
Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than
formal pleadings drafted by lawyers and can only be dismissed for
failure to state a claim if it appears 'beyond doubt that the
plaintiff can prove no set of facts in support of his claim which

3

would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979)(quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. <u>Id</u>. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### III.  <u>Facts Set Forth in the Complaint</u>

Plaintiff alleges that in October 2015, he filed a state,

---

[1]The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

postconviction motion for DNA testing, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

In November 2015, when Plaintiff learned that Judge Miranda was assigned to his case, he immediately sought the judge's recusal. In December 2015, he then filed a petition for writ of prohibition and a petition for writ of mandamus, again seeking the judge's removal from his proceeding.

However, before a ruling was had on the two petitions, Plaintiff maintains Judge Miranda denied his motion for DNA testing out of retaliation. Plaintiff claims he sought rehearing and again to disqualify the state court judge, due to the pendency of his mandamus petition.

According to the Plaintiff, on February 23, 2013, Judge Miranda had denied Plaintiff's motion for DNA testing. The Defendant Deputy Clerk, however, did not mail the Plaintiff's copy until April 8, 2013, despite providing the state with a copy on February 22, 2013. Plaintiff states that Judge Miranda then denied his rehearing motion in May 2013. He then recounts that in June 2013 he filed a petition for writ of mandamus seeking an order compelling defense counsel to provide Plaintiff with copies of his legal documents. In July 2013, Plaintiff claims he received a notice that Judge Miranda was again assigned to his case, and he thus filed a notice of inquiry. He maintains that in August 2013, Defendant Deputy Clerk Tulloch, typed a memorandum stating that it was unable to locate any motion having been filed by Plaintiff. As a result, Plaintiff remailed the letter to the Clerk. In October 2013, Judge Miranda denied Plaintiff's most recent mandamus petition.

## IV.  **Discussion**

It is well settled law that federal courts must "look behind
the label" of an inmate's *pro se* filings and determine whether
there is any framework under which his claims might be cognizable.
United States v. Nickson, 521 Fed.Appx. 867, 868 (11ᵗʰ Cir.
2013)(quoting, United States v. Jordan, 915 F.2d 622, 624-25 (11ᵗʰ
Cir. 1990).

A complaint is subject to dismissal for failure to state a
claim if the allegations, taken as true, show the plaintiff is not
entitled to relief. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct.
910, 290, 166 L.Ed.2d 798 (2007). "Section 1983 creates no
substantive rights; it merely provides a remedy for deprivations of
federal statutory and constitutional rights." Almand v. DeKalb
County, Ga., 103 F.3d 1510, 1512 (11ᵗʰ Cir. 1997)(citation omitted).
Further, §1983 is not meant to replace state tort law, it is only
meant to provide a remedy for violations of federally protected
rights. Id. at 1513 (citing Baker v. McCollan, 443 U.S. 137, 145-
146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). A successful
§1983 imposes liability on anyone who, under color of state law,
deprives a person "of any rights, privileges, or immunities secured
by the Constitution and laws." See Arrington v. Cobb County, 139
F.3d 865, 872 (11ᵗʰ Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261
F.3d 1275, 1288 (11ᵗʰ Cir. 2001).

Thus, to state a viable claim for relief in a 42 U.S.C. §1983
action, the conduct complained of must have deprived the plaintiff
of rights, privileges or immunities secured by the Constitution.
American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40,
119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); Parratt v. Taylor, 451
U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Willis v.

6

University Health Serv's, Inc., 993 F.2d 837, 840 (11th Cir. 1993). The complaint is subject to dismissal for failure to state a claim upon which relief can be granted.

From full and careful review of Plaintiff's complaint, it is clear that Plaintiff is attempting to challenge the state court denials of his various collateral, post-conviction motions attacking the constitutionality of his conviction(s), entered in Miami-Dade County, Circuit Court. Construed liberally, he claims Judge Miranda has unlawfully denied his motions and petitions in retaliation for the Plaintiff seeking her recusal.

First, to the extent the Plaintiff is attempting to attack the lawfulness of the denials of the post-convictions motions entered in the state court proceedings, such claims are not cognizable in a civil rights case. A habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriguez, 411 U.S. 475, 488–490 (1973). If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486–487 (1994). Therefore, Plaintiff may file a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254, challenging her conviction(s) after exhausting her state court administrative remedies. At this juncture, however, her claims are barred by Heck and its progeny.

Next, the complaint appears to raise challenges to the actions taken by the state court judge during state court proceedings over

which she had jurisdiction, and therefore such claims are also due to be dismissed. The law is well settled that "[J]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); Harris v. Goderick, 608 Fed.Appx. 760, 762 (11th Cir. 2015)(citing Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)) (internal quotation marks omitted). The plaintiff has not alleged any facts that demonstrate that the judge acted in the absence of jurisdiction. Therefore, the claim against the state court judge should be dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted and because the judge is immune from suit.  See Harris v. Goderick, supra.

     Plaintiff next sues the John Doe, as the Clerk of Court in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, together with Deputy Clerk Tulloch, claiming that they failed to perform their duty by allowing Judge Miranda to retaliate against him. Like the Defendant Judge, the Defendant Clerk Tulloch and the John Doe Clerk of Court enjoy absolute immunity from damages actions where they have acted "in a nonroutine manner under command of court decree or under explicit instructions of a judge." See Hyland v. Kolhage, 267 Fed.Appx. 836, 842 (11th Cir. 2008) ("Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction.'"(quoting Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981)). Further, neither the Defendant Deputy Clerk Tulloch nor the John Doe Clerk of Court can be held liable under §1983 on a respondeat superior theory. Plaintiff has not

identified a custom, policy, or practice of the Clerk that led to any constitutional violation Plaintiff may have suffered.

Plaintiff's conclusory claims to the extent they can be viewed as requesting preliminary and injunctive relief, must also be dismissed. Plaintiff has not made a sufficient showing to grant the requested relief. Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997)(citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). The four factors to be considered in determining whether temporary restraining or preliminary injunctive relief should be granted are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005)(citing Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted). Here, Plaintiff has not satisfied her burden of persuasion on each of the four elements.

Plaintiff has not established that he is likely to suffer imminent and substantial injury if he is not released from immediate confinement. See Siegel v. LePore, 234 F.3d 1162, 1176-77 (11th Cir. 2000) (emphasizing that "the asserted irreparable injury 'must be neither remote nor speculative, but actual and

imminent.'") (quoting <u>Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville</u>, 896 F.2d 1283, 1285 (11th Cir. 1990)). Plaintiff has not demonstrated at this stage that a substantial threat exists that he will suffer irreparable injury, nor has Plaintiff shown that any threatened injury to him outweighs the threatened harm an injunction will do, or that granting a preliminary injunction will not disturb the public interest. Because Plaintiff has failed to meet his burden of persuasion as to each of the requisites needed to obtain an injunction, the Court should not grant this extraordinary relief.

## V.   Conclusion

Based upon all of the foregoing, it is recommended that the complaint (DE#1) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted and that the case be closed.

Dismissal with leave to amend would not be appropriate here because an amendment would be futile in that any amended complaint on the basis of the allegations now presented and attempted claims would still be properly dismissed. <u>See</u> <u>Judd v. Sec'y of Fla.</u>, 2011 WL 2784422, *2 (M.D.Fla. June 3, 2011)(recommending that Plaintiff not be permitted to file an amended complaint in light of the Eleventh Circuit's decision in <u>Johnson</u> in that any amended complaint would be frivolous). <u>See generally</u> <u>Spaulding v. Poitier</u>, 548 Fed.Appx. 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(<u>citing</u>, <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007).

10

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 16th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Walter Lee Wright, Pro Se
      DC#B04096
      Hamilton Correctional Institution
      Inmate Mail/Parcels
      10650 SW 46th Street
      Jasper, FL 32052