## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-22764-GAYLES/WHITE

**WALTER LEE WRIGHT,**
                    **Plaintiff,**

           **v.**

**CRISTINA MIRANDA; MAUREEN**
**TULLOCH; and JOHN/JANE DOE,**
*Clerk of Court, Eleventh Judicial Circuit,*
                    **Defendants.**
_____/

## ORDER

      **THIS CAUSE** comes before the Court on Plaintiff Walter Lee Wright's Motion to Disqualify [ECF No. 13], in which seeks the recusal of Magistrate Judge Patrick A. White.

### I.    BACKGROUND

      The Plaintiff, proceeding *pro se*, filed a Complaint in this Court on June 28, 2016, alleging violations of 42 U.S.C. § 1983 against Defendants Cristina Miranda, Circuit Judge of the Eleventh Judicial Circuit in and for Miami-Dade County, who presided over the Plaintiff's criminal proceedings in the Circuit Court; Maureen Tulloch, Deputy Clerk of the Eleventh Judicial Circuit; and the Clerk of Court of the Eleventh Judicial Circuit [ECF No. 1]. The matter was referred to Judge White, pursuant to Administrative Order 2003-19 of this Court, for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. In his Report of Magistrate Judge (the "Report") [ECF No. 8], entered on August 16, 2016, Judge White recommended that the Complaint be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. Wright timely filed objections to the Report [ECF No. 11] ("Objections"). On October 12, 2016, this Court, reviewing *de novo*, affirmed and adopted the Report in full and dismissed Wright's Complaint with prejudice [ECF No. 12].

The Court received the instant Motion to Disqualify on October 13, 2016. In an affidavit attached to the Motion, Wright asserts, *inter alia*, that Judge White "has misconstrued Plaintiff's complaint in his Report and Recommendation on purpose to secure his injustice in Plaintiff's case no. 13-23558-civ-Moore." Pl.'s Mot. at 3. Wright's Complaint in this case is devoid of any mention of this previous action.

A review of the docket there reveals that Wright had previously filed a Writ of Habeas Corpus in October 2013—a writ that was dismissed as time barred upon Chief Judge K. Michael Moore's adoption of a report and recommendation by Judge White, over Wright's objections. *See* Paperless Order Adopting Report and Recommendation, *Wright v. Dep't of Corr.*, No. 13-23558, ECF No. 34 (S.D. Fla. Dec. 16, 2014); *see also* Report of Magistrate Judge, *Wright v. Dep't of Corr.*, No. 13-23558, ECF No. 30 (S.D. Fla. Aug. 29, 2014). The Eleventh Circuit denied Wright's motion for a certificate of appealability, *see* Order, *Wright v. Sec'y, Dep't of Corr.*, No. 15-10185 (11th Cir. Mar. 24, 2015), and the U.S. Supreme Court denied certiorari, *see Wright v. Jones*, 136 S. Ct. 412 (2015) (mem.).

## II.    DISCUSSION

Although the Court finds Wright's Motion to Disqualify Judge White to be without merit, the revelation contained within it that Wright had previously filed a habeas petition in this District means that this Court's analysis of Judge White's Report in this case must be amended.

To the extent the Plaintiff's claims against any Defendants challenge the fact or duration of his confinement, his Complaint is properly construed as a second or successive habeas petition and is barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (codified as amended at 28 U.S.C. § 2244 *et seq.*). "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration

are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (citations and internal quotation marks omitted); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus").

On its face, Wright's Complaint is brought pursuant to 42 U.S.C. § 1983, not 28 U.S.C. § 2254, but it, in part, challenges his state court conviction and sentencing. As Judge White phrased it, "it is clear that Plaintiff is attempting to challenge the state court denials of his various collateral, post-conviction motions attacking the constitutionality of his conviction(s), entered in Miami-Dade County, Circuit Court." Report at 7. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, the Court considers Wright's Complaint to be a request for habeas relief under 28 U.S.C. § 2254. And because Wright already filed a habeas petition in this District, which was denied in December 2014, the Complaint is, in fact, Wright's ***second*** habeas petition.

Under AEDPA, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *In re Hill*, 715 F.3d 284, 290 (11th Cir. 2013). This is a jurisdictional requirement. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam). "A plaintiff cannot circumvent AEDPA's second or successive petition requirement by labeling his habeas petition as a complaint brought pursuant to Section 1983." *Robinson v. Afzal*, No. 15-60984, 2016 WL 922634, at *6 (S.D. Fla. Mar. 11, 2016), *appeal dismissed*, No. 16-13346 (11th Cir. Sept. 29, 2016); *see also Spivey*

*v. State Bd. of Pardons & Paroles*, 279 F.3d 1301, 1303 (11th Cir. 2002) (per curiam) ("We treat Plaintiffs' § 1983 . . . claim as the functional equivalent of a second habeas petition, and apply the rules regulating second or successive habeas petitions." (quoting *Felker v. Turpin*, 101 F.3d 95, 96 (11th Cir. 1996) (per curiam) (internal quotation marks omitted))); *Gilreath v. State Bd. of Pardons & Paroles*, 274 F.3d 823 (11th Cir. 2001) (per curiam) (concluding that an underlying 42 U.S.C. § 1983 action challenging imprisonment was actually a habeas action subject to the restrictions on filing second or successive habeas petitions). Because Wright has failed to apply to the Eleventh Circuit for permission to file a second habeas petition, as required by 28 U.S.C. § 2244(b)(3)(A), this Court is without authority to consider his request for relief.

Accordingly, the Court does not adopt the Report to the extent it considered the claims against the Defendants challenging the fact or duration of Wright's confinement, because the Court does not have jurisdiction to consider the second or successive petition in the first place. *Burton*, 549 U.S. at 152. Thus, these claims shall be dismissed for lack of jurisdiction.

\*   \*   \*

The Court has undertaken a *de novo* review of the remainder of the Report, the Plaintiff's objections, and the record in this case and finds the Plaintiff's objections to be without merit. The Court agrees with the well-reasoned analysis and recommendations contained in the remainder of the Report.

III.    **CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

(1)    this Court's Order Affirming and Adopting the Report of Magistrate Judge [ECF No. 12] is **VACATED**;

(2)    the Report of Magistrate Judge [ECF No. 8] is **ADOPTED IN PART**;

(3)    the Plaintiff's Complaint [ECF No. 1] is **DISMISSED**; and

(4)    the Plaintiff's Motion to Disqualify [ECF No. 13] is **DENIED**.

This case remains **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of October, 2016.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE